HEWITT, Circuit Judge:
The claimant, Clarence Brown, was injured by accident in his employment on May 18, 1959. The employer, self-insured, provided medical care and temporary total compensation until February 14, 1960, at which time compensation was terminated. The claimant secured the services of his attorneys who filed a claim on his behalf on February 15, 1960. Subsequently compensation and medical care were reinstated. Temporary total compensation was paid up to August 10, 1961, at which time the claimant was rated as having 15 per cent. permanent partial disability. The claimant contended that he had more than 15 per cent, permanent partial disability. A hearing was held before the Deputy Commissioner on April 12, 1962, and the claimant was awarded compensation in an amount representing 40 per cent, permanent partial disability of the body as a whole. The order which also fixed a fee for the services of claimant’s attorneys was affirmed by the full commission.
The employer, on petition for cer-tiorari, first urges that the Deputy Commissioner departed from the essential requirements of the law in finding that the claimant sustained a 40 per cent, permanent disability of the body as a whole. The Deputy Commissioner is free to choose between conflicting testimony. The disability rating awarded is supported by competent substantial evidence which accords with logic and reason. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
The employer’s second objection is that the Deputy Commissioner erred in fixing the amount of the fee of claimant’s attorneys. At the hearing before the Deputy Commissioner the parties through counsel stipulated that a reasonable fee may be awarded the attorneys for the claimant without the necessity of taking evidence on this issue. The employer may not question the attorneys’ fee upon the ground that the claimant failed to present such evidence. The record fails to establish that the Deputy Commissioner departed from the essential requirements of the law in fixing the amount of the attorneys’ fee.
For the reasons above expressed we decline to disturb the order of the full commission and the petition for writ of cer-tiorari is denied.
THOMAS, Acting Chief Justice, and ROBERTS, O’CONNELL and HOBSON (retired), JJ., concur.